IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL HOUSTON KELLY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0068 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the petition for a writ of habeas corpus filed by petitioner MICHAEL HOUSTON KELLY on March 24, 2011. By this habeas application petitioner only challenges the state district court's imposition of a $250.00 fine. It is the opinion of the undersigned United States Magistrate Judge that petitioner's federal habeas corpus application be DISMISSED.

I.
PROCEDURAL HISTORY[1]

On April 26, 2006, petitioner was indicted in Potter County, Texas for the felony offense of possession with intent to deliver a controlled substance in a drug-free zone. *State v. Kelly*, Cause No. 52,949-D. On May 17, 2006, pursuant to a guilty plea, petitioner was placed on

---

[1]This information was gleaned from petitioner's habeas application as well as a review of the online docket sheet for Cause No. 52,949-D in Potter County, Texas and the online Offender Information Detail maintained by the Texas Department of Criminal Justice.

deferred adjudication probation for ten years and was assessed a fine of $5,000.00. Several probation violations were reported from 2008 - 2010, and several motions to proceed with adjudication of guilt were filed. On June 17, 2010, petitioner was indicted for the felony offense of forgery of a financial instrument. *State v. Kelly*, Cause No. 58,585-D. On October 8, 2010, petitioner's deferred adjudication was revoked, and petitioner was adjudicated guilty of the possession of a controlled substance in a drug-free zone offense, was sentenced to a 7-year term of confinement, and was assessed a $250.00 fine. Petitioner was also found guilty of the forgery offense and was assessed a 1-year sentence.

II.
GROUNDS

In his habeas application, petitioner does not challenge the constitutionality of his conviction and 7-year sentence assessed for the drug possession offense, nor does he challenge his conviction and 1-year sentence for the forgery offense. Instead, petitioner challenges only the $250.00 fine assessed in Cause No. 52,949-D when he was adjudicated guilty on his drug possession conviction and when his deferred adjudication was revoked. Petitioner contends:

> The $250.00 fine assessed on October 8, 2010 in Cause No. 52,949-D is in "violation of the protection against double jeopardy."

Under his second ground, petitioner requests a declaratory judgment finding the first fine of $5,000.00 assessed on May 17, 2006 constituted punishment for the possession conviction.

III.
DISCUSSION

Title 28 U.S.C. § 2254(a) provides:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in*

*custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). Petitioner is confined in the Texas Department of Criminal Justice, Correctional Institutions Division, pursuant to two (2) October 8, 2010 judgments assessing a 1-year and 7-year sentence for forgery and drug possession, respectively. Petitioner is thus clearly in custody pursuant to a judgment of a State court. Even though petitioner does not challenge either of those sentences, it still appears he meets the "in custody" requirement of the habeas corpus statute for purposes of jurisdiction. *Cf. Port v. Heard*, 764 F.2d 423, 426 (5th Cir. 1985); *see Maleng v. Cook*, 490 U.S. 488, 494 (1989) ("in custody" requirement for federal habeas subject matter jurisdiction). This issue is not clear, however, because petitioner Kelly does not allege his state custody is in violation of the Constitution or laws or treatises of the United States. Instead, he alleges the $250.00 fine assessed violates the double jeopardy clause of the United States Constitution. Assuming petitioner's TDCJ custody provides this Court with jurisdiction, then he has failed to state a claim upon which habeas corpus relief can be granted. A fine or other monetary penalty is not a sufficient restraint on liberty to meet the "in custody" requirements of Section 2255 or Section 2241. *Campbell v. United States*, 330 Fed. Appx. 482, 483, 2009 WL 1472217 *1 (5th Cir. 2009). Following the reasoning of *Campbell*, the fine which petitioner Kelly challenges would not constitute a sufficient restraint on his liberty to meet the "in custody" requirement of Section 2254. Accordingly, it is the opinion of the Magistrate Judge that petitioner's federal habeas application be dismissed for failure to state a cognizable constitutional claim on which this Court could award federal habeas corpus relief.[2]

---

[2] But for petitioner's confinement under his sentences, petitioner's singular challenge to his fine is akin to "fine-only" cases where petitioners, challenging their fines, are found to not be "in custody" for purposes of the federal habeas statute. *Cf Spring v. Caldwell*, 692 F.2d 994 (5th Cir. 1982) (arrest warrant issued for willful refusal to pay a fine does not amount to custody); *Westberry v. Keith*, 434 F.2d 623 (5th Cir. 1970) (revocation of driver's license and a fine does not meet the degree of confinement necessary to meet the in custody requirement); *Zapata v. Johnson*, 212 F.3d 596, *1 (5th Cir. 2000) (challenge to assessment of a controlled substance tax did not meet custody requirement). In such cases, a monetary penalty is not a sufficient restraint on liberty to meet the "in custody" requirements of section 2254. Similarly, a challenge to a fine and restitution only does not meet the "in custody" requirements for section 2255 or 2241. *See Campbell v. United States*, 330 Fed. Appx. 482, 483,

Alternatively, if it is determined that petitioner's "in-custody" as a result of state court convictions which he does not attack is insufficient to meet Section 2254's custody requirement, then this petition should be dismissed for lack of jurisdiction.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge that the federal petition for a writ of habeas corpus filed by petitioner MICHAEL HOUSTON KELLY be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of October, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or

---

2009 WL 1472217 (5th Cir. 2009); *see also United States v. Segler*, 37 F.3d 1131 (5th Cir. 1994) ("[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes.").

transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).